[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION Facts
CT Page 14850
1. The parties married on June 30, 1967 at Easton, CT.
 2. This action came to the court, on August 17, 1999, and then to further dates when both parties were represented and given a full opportunity to be heard.
 3. The plaintiff has resided continuously in the state of Connecticut for at least one year prior to the commencement of this action.
 4. As credibly testified, the marriage between the parties has broken down irretrievably.
5. There are currently no minor children issue of the marriage.
 6. There are now, no minor children born to the defendant during the marriage.
 7. Neither the state of Connecticut, nor any of its municipal subdivisions have contributed to the support of either party or their progeny since the date of the marriage.
 8. The parties. acting through counsel, delayed this resolution for a very significant period of time pending their availability to visit the marital home (as requested).
 9. It was only after the long delay and a visit by the court (in the company of both counsel) that the court was advised that it need not consider or effect the disposition of the personalty within the marital home.[1]
 10. As a result of the parties un-canvassed agreement on the distribution of personalty, this court exercises its equitable distribution powers as if the personalty did not exist. The parties have clearly, acting through counsel. waived any claims concerning equitable distribution which recites or relates to the distribution of personalty.
 The parties, fully advised by competent counsel, have relinquished any claim that the normally expected mosaic of financial orders involves any issues of personalty distribution.
 11. The plaintiff has credibly testified that the marriage has irretrievably broken down. The court proceeded on his complaint and no CT Page 14851 evidence or prayer for legal separation was offered on defendant's cross-complaint.
 Orders
This is a marriage of significant length. Both parties, reasonably, relied on concepts of unity and joinder. In a thirty (+ or -) year marriage the reliance of the parties is not unreasonable. Throughout the marriage the parties lived in the plaintiffs family home. The plaintiffs mother resided with the parties through the date of her death in 1998. Throughout this period, the realty occupied by the parties was owned by the plaintiffs mother.
The plaintiff has lived in the residence since his infancy since his parents purchased it in the 1930s. When originally purchased it was a five acre parcel. Through one or more acquisitions it has expanded.
The defendant solely owns a 1/6 interest in 196 Westport Road, Easton, CT in her own right. In addition she has a legal or equitable claim in 120 Silver Hill Road. Easton, CT and 13 acres of land in Easton. CT.
120 Silver Hill Road, Easton. CT is the real property upon which the parties maintained their household. The plaintiff actively engages in some light farming and livestock activities on parts of the property. In addition, he conducts various construction efforts on some pieces of the marital property.
The plaintiff owns, individually, or in joint ownership status with his son, a significant amount of farming, construction and/or maintenance equipment.
Throughout the marriage the defendant devoted herself to caring for her husband. children and home. In later years, she accepted the added responsibility of caring for the plaintiffs mother. One can clearly, and reasonably, conclude by a preponderance of the evidence, that the plaintiff does not understand or accept the concepts that marriage, can and does, yield a unification of assets for equitable distribution.
The court can and does accept that the concept of unification of assets does and should be accepted, adopted and employed in the court's equitable distribution. The credible evidence indicates that the plaintiff bears the bulk of the fault for this dissolution. His engaging in one or more extramarital affairs clearly fostered or aggravated the difficulty for ongoing communication between the parties.
The defendant has devoted herself to familial responsibilities. Thus, CT Page 14852 at this stage of her life her potential for earning and asset generation are, at best. limited.
 Orders
1. The court has jurisdiction over the parties.
2. The court has jurisdiction over the marriage.
 3. The marriage is broken down irretrievably and it is dissolved on that ground.
 4. The family homestead and property (subject to the mortgage) located at 120 Silver Hill Road, Easton, CT, shall be the property of the defendant, free of any claim by the plaintiff.
 5. The undivided 1/6 interest in property (subject to the mortgage) located at 196 Westport Road. Easton, CT, owned by the defendant, shall be hers, free of any claim by the plaintiff.
 6. The parties shall equally divide (via QDRO if required) all IRA/Retirement accounts owned by the parties. The date for valuation shall be the 21 St. day next succeeding the filing of this decision. The plaintiff shall pay any associated costs.
7. The plaintiff shall keep free of any claim by the defendant:
 a) his excavation business and all tools and equipment associated with it:
 b) all common shares of stock owned by him as of the date of the filing of this decision; and
 c) the literary properties and copyrights, together with the approximately $2,000 in the custody of Attorney Dinan, originally owned by or created by his parents.
 8. The plaintiff shall pay to the wife, as alimony, the sum of $300.00 per week until her death, remarriage or cohabitation.
 9. The plaintiff shall own, free of any claim by the defendant, the property identified as #2 on the appraisal (Court Exhibit 1).
 10. The plaintiff shall own free of any claim by the defendant, the farm equipment.
CT Page 14853
 11. The life insurance covering the life of the plaintiff shall be the property, with its cash value, of the defendant.
 12. The plaintiff will pay the premiums as due, when due, on said policy so long as he has an obligation to pay alimony.
 13. The plaintiff shall, by way of property settlement, pay to the defendant the following sums:
a) on or before 3/1/02 the sum of $10,000.00;
b) on or before 1/31/02 the sum of $10,000.00; and
c) on or before 6/30/02 the sum of $10,000.00.
 Should any payment be late the defendant shall be entitled to interest, from the date due until paid, at the rate of thirteen (13%) per annum, compounded annually, together will all costs and attorneys fees incurred in effecting collection
 14. The plaintiff shall, on or before 12/31/01, pay the sum of $3.750.00 as attorney's fees for the defendant's benefit.
 15. The plaintiff shall. on or before 4/30/02 pay the sum of $3,750.00 as attorney's fees for the defendants benefit.
 16. All assets not otherwise addressed in this order shall be the property of the party who has claimed them on his or her financial affidavit.
 17. The plaintiff shall be liable for all liabilities listed on his affidavit and will hold the wife free from any claim arising from these obligations.
DANIEL E. BRENNAN, JR., J.